[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM TO MODIFY CHILD SUPPORT (#113)
The plaintiff wants the weekly support order increased to $200.00 and wants the defendant ordered to pay 41% of plaintiff's work related day care expenses. For the reasons stated below, a weekly support order of $85.00 a week is set. The order is to be enforced by way of an immediate wage garnishment.
At the time the parties were divorced on July 28, 1998, the court incorporated the parties' written settlement agreement into the judgment of the court. Paragraph 7 of the agreement provides, in part, as follows: "The Husband [defendant] shall have visitation for three days and nights each week corresponding to his weekly days off from work." Other provisions concern vacation and holiday visitation. The quoted provision was modified by the court, Brennan, J., on November 22, 1999, when the court adopted an agreement of the parties' that provides, in part:
"The existing visitation schedule shall remain the same subject to the following modifications . . . the father shall be responsible for the care of the children on the evenings when the mother works the regular night shift at her place of employment." The parties' current visitation schedule is in conformance with the judgment.
On November 22, 1999, the court also set the defendant's support CT Page 13525 obligation at $75.00 per week. The court record for that date contains the following notation: "The Connecticut Child Support amount would be $190.00 per week. A deviation is based on the fact that the noncustodial parent has responsibility for the physical care of the children for 50% of the time based on the above agreement — #4 of the deviation criteria."
From December through June of 1999, the defendant cared for the children at least fifteen nights a month while the plaintiff worked from 7:00 p.m. to 7:00 a.m. From June to the present, the defendant has only cared for the children during his his three day weekly visitation since the plaintiff has been on medical leave from work. The plaintiff plans to return to work. If she does, the defendant will assist in caring for the children and, if necessary, will try to adjust his new work schedule. In addition to providing a part-time home for the children, the defendant has been paying $160.00 a month for a tutor for the children.
The court finds, contrary to the plaintiff's claim, that there has not been a substantial change in circumstances so as to make the deviation criteria inapplicable. The weekly support order is set at $85.00. In the absence of a deviation from the guidelines, the weekly support order would be $201.00. The support order is to be enforced with a immediate wage garnishment. Should the defendant be unable to care for the children on the nights that the plaintiff works, he shall pay 40% of the work-related child care expenses.
THIM, J.